J-S28002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC EARL HOUSER | : | |
| | : | |
| Appellant | : | No. 1913 MDA 2017 |

Appeal from the PCRA Order November 7, 2017
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0002045-2014

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 06, 2018**

Appellant, Eric Earl Houser, appeals from the order entered on November 7, 2017, denying his petition for relief under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  We affirm.

The trial court ably stated the facts of this case:

> [On December 2, 2014, Appellant] went hunting with Thomas Sakel (hereinafter "Sakel") and Pamela Moyer (hereinafter "Moyer").  Officer Brian Sheetz, a Wildlife Conservation Officer[,] was called to [Appellant's] location.  Once Officer Sheetz arrived at [Appellant's] location, Officer Sheetz observed two vehicles and ran the license plates.  After running the license plates, Officer Sheetz determined that one vehicle belonged to Sakel and the other belonged to Kenneth Houser, Sr.  Officer Sheetz investigated further and determined that there was mail in the vehicle [that was addressed to Appellant] and [that Appellant] did not possess a valid hunting license.
>
> When [Appellant], Moyer[,] and Sakel returned to their vehicles, Officer Sheetz and two additional Wildlife Conservation Officers approached and requested to see all

three individuals' hunting licenses. Both Sakel and Moyer produced valid hunting licenses. [Appellant] produced a hunting license that belong[ed] to Michael G. Moyer. . . .

Officer Sheetz questioned Moyer at the time. Officer Sheetz testified that two rifles were discovered, and when Officer Sheetz questioned Moyer regarding both firearms, Moyer stated that the guns were hers and initially denied that [Appellant] had a gun. After further questioning, Moyer admitted that [Appellant] had been carrying a gun with him.

A trial was held on October 9, 2015. At the trial, the parties stipulated that [Appellant] was a person prohibited by law from possessing a firearm. . . . During the trial, Sakel testified that he would occasionally talk with [Appellant] about hunting. Sakel testified that during one conversation with [Appellant], [Appellant] mentioned that he was aware of a good hunting spot, and the two agreed [to] meet up and "scout" the land on November 29, 2014. After the two met on November 29, 2014, Sakel, Moyer[,] and [Appellant] met at the same location on December 2, 2014.

Sakel testified that on December 2, 2014, he had seen [Appellant] carrying a gun over his right shoulder during their time in the woods. Moyer testified that she was [Appellant's] girlfriend at the time. She [testified] that [Appellant] was not carrying a gun at any point and that she was in possession of the gun during that trip. She further testified that Officer Sheetz was badgering her, so she changed her story in order to tell him what he wanted to hear.

At the trial, [Appellant] testified that he signed over the trail camera to Officer Sheetz. Officer Sheetz testified that he had reviewed hundreds of images provided by the [trail] camera. [He testified that the last time the camera took images was "the 27th of November. The last image that was on the camera for the last date was [Appellant] walking up to it." N.T. Trial, 10/9/15, at 173]. . . .

Trooper Ty Denk of the Pennsylvania State Police was called to testify, and he [testified] that he processed both guns involved in the instant matter for [fingerprints]. Trooper Denk's conclusion regarding the [fingerprints] was not that [Appellant] had not touched the gun, but that the usable

prints that had been found on the gun did not belong to [Appellant].

Trial Court Opinion, 8/8/16, at 1-3.

The jury found Appellant guilty of persons not to possess firearms and the trial court found Appellant guilty of two summary offenses regarding unlawful acts concerning licenses.[1] On March 30, 2016, the trial court sentenced Appellant to serve a standard-range sentence of four to ten years in prison for the persons not to possess firearms conviction. N.T. Sentencing Hearing, 3/30/16, at 6.

On August 8, 2016, the trial court denied Appellant's post-sentence motion. Appellant did not file a notice of appeal to this Court.

On February 22, 2017, Appellant filed a timely, *pro se* PCRA petition. Appellant's *Pro Se* PCRA Petition, 2/22/17, at 1-8. The PCRA court appointed counsel to represent Appellant and counsel filed an amended petition.

The PCRA court held a hearing on August 31, 2017, during which time Appellant and Appellant's trial counsel, Attorney Michael Morrone (hereinafter "Attorney Morrone"), testified. The PCRA court denied Appellant's petition on November 7, 2017 and Appellant filed a timely notice of appeal. Appellant raises six claims on appeal:

> 1. Whether Appellant was denied his constitutionally guaranteed right to effective representation when Appellant avers that trial counsel failed to provide him with his discovery, witness statements[,] and other requested documents prior to trial?

---

[1] 18 Pa.C.S.A. § 6105(a)(1) and 34 Pa.C.S.A. §§ 2711(a)(5) and (10), respectively.

2. Whether Appellant was denied his constitutionally guaranteed right to effective representation when Appellant avers that trial counsel failed to request a necessary continuance after new evidence became available?

3. Whether Appellant was denied his constitutionally guaranteed right to effective representation when Appellant avers that trial counsel failed to object to and properly cross-examine witness testimony at trial and failed to ask witness questions that he had proposed to be asked?

4. Whether Appellant was denied his constitutionally guaranteed right to effective representation when Appellant avers that trial counsel failed to include Appellant in the jury selection process?

5. Whether Appellant was denied his constitutionally guaranteed right to effective representation when Appellant avers that trial counsel failed to object to the Commonwealth mentioning Appellant's prior record in the opening statements?

6. Whether Appellant was denied his constitutionally guaranteed right to effective representation when Appellant avers that trial counsel failed to file a motion to produce discovery from the Game Commission relating to the camera and photos?

Appellant's Brief at 5 (some internal capitalization omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffectiveness of counsel which, in the circumstances of the particular case, so undermined the truth-determining

process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is, however, presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). As this Court has explained:

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. ***See Commonwealth v. Jones***, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . . , he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a

- 5 -

probability sufficient to undermine confidence in the outcome.

***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa. Super. 2013) (some internal quotations and citations omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." ***Id.***

Further,

> Under the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011) (internal citations omitted).

First, Appellant claims that his trial counsel was ineffective for "fail[ing] to provide him with his discovery, witness statements[,] and other requested documents prior to trial." Appellant's Brief at 8. Specifically, Appellant argues that the Commonwealth waited until the day of trial to provide Appellant's trial counsel with the witness statement of Mr. Sakel. Appellant's Brief at 9. According to Appellant:

> [trial] counsel should have objected to said statements as they were not presented to [] Appellant for review prior to trial. The witness statement of Mr. [Sakel] was only presented to Appellant on the day of trial. As the statements were presented at trial, Appellant and his counsel only had a brief moment to review them. Appellant avers that the statements should have been presented prior to trial and made part of Appellant's original discovery packet.

***Id.*** at 10 (some internal capitalization omitted).

Notwithstanding Appellant's averment, during the PCRA hearing, Attorney Morrone testified that: he did not recall receiving any discovery on the day of trial; Mr. Sakel's statements were "produced in the original discovery;" "[a]s [Appellant's] attorney, I would have reviewed the discovery with [Appellant] as soon as I received it;" and, he had "a chance to cross-examine Mr. Sakel about all of the statements at trial." N.T. PCRA Hearing, 8/31/17, at 36-37 and 47.

The PCRA court heard the testimony from Appellant and Attorney Morrone and arrived at the factual conclusion that Appellant "was provided with all evidence well before trial." PCRA Court Opinion, 11/7/17, at 5. The record supports the PCRA court's factual conclusion; therefore, Appellant's ineffective assistance of counsel claim has no arguable merit and fails. **See Commonwealth v. Bardo**, 105 A.3d 678, 685 (Pa. 2014) ("[i]f supported by the record, the PCRA court's credibility determinations and factual findings are binding on this Court").

Second, Appellant claims that Attorney Morrone was ineffective for "fail[ing] to request a necessary continuance after new evidence became available." Appellant's Brief at 11. To the extent this claim is based upon Mr. Sakel's statements – which, the PCRA court found, were provided to Appellant "well before trial" – the claim fails. **See** PCRA Court Opinion, 11/7/17, at 5. However, Appellant also claims that the Commonwealth waited until the day of trial to produce "trail camera" photographs. Appellant's Brief at 13.

As to the trail camera photographs, Attorney Morrone testified that he "believe[d] there was an issue with the handling of the photographs." N.T. PCRA Hearing, 8/31/17, at 54. Nevertheless, Attorney Morrone testified that there were no trail photographs from the day of the incident because the trail camera "was not recording anything from days before the incident . . . so they had nothing that would prove or disprove [Appellant's] charges on that day." *Id.* at 55.

The PCRA court determined that "all evidence was provided prior to the trial, despite [Appellant's] recollection." PCRA Court Opinion, 11/7/17, at 7. This factual conclusion is supported by the record and, thus, Appellant's claim fails for lack of arguable merit. *See Bardo*, 105 A.3d at 685. Further, even if the Commonwealth did not produce the trail photographs until the day of trial, we do not see how Attorney Morrone's failure to request a continuance caused Appellant prejudice. This is because the photographs did not concern the day of the incident and Attorney Morrone never testified that he needed a continuance to prepare for the evidence. *Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018) ("counsel is presumed to have been effective and [] the petitioner bears the burden of proving counsel's alleged ineffectiveness"). Thus, for this independent reason, Appellant's claim fails.

Next, Appellant contends, Attorney Morrone was ineffective for failing to properly cross-examine Pamela Moyer and Officer Sheetz. Appellant's Brief at 16. In particular, Appellant claims that Attorney Morrone was ineffective

because he did not cross-examine the two witnesses with questions that Appellant had proposed. *Id.* at 22.

Appellant's claim fails. As the PCRA court explained:

> The [PCRA] court finds that trial counsel conducted cross-examination consistent with a reasonable strategic basis for [Appellant's] case. Trial counsel testified that he considered all the questions provided by [Appellant] and chose, for strategic reasons, to ask the relevant questions. Because trial counsel had a reasonable strategic basis for his [] action or inaction, [Appellant's] claim[] fails.

PCRA Court Opinion, 11/7/17, at 8-9 (some internal capitalization omitted).

We agree with the PCRA court's cogent analysis and conclude that, since Attorney Morrone's cross-examination of Pamela Moyer and Officer Sheetz was reasonable and was "designed to effectuate [Appellant's] interests," Appellant's claim on appeal fails.

Fourth, Appellant claims that counsel was ineffective for failing to include him in the jury selection process. However, during the PCRA hearing, the PCRA court judge (who was also the trial court judge) noted:

> The trial transcript clearly shows that [Attorney] Morrone sat through at least one full jury selection before his and then sat through most of another one before his, and then [Attorney] Morrone said at the time and in front of me and in front of [Appellant], that he and [Appellant] did talk about which jurors they liked or didn't like before the attorneys came to sidebar and the jury was selected. So, that is clearly reflected in the transcript that was filed in this case. So that happened here in the court in front of everybody.

N.T. PCRA Hearing, 8/31/17, at 20-21 (some internal capitalization omitted).

Therefore, the PCRA court concluded that Appellant's ineffective assistance claim had no arguable merit, as Appellant "was present for and gave input regarding his own jury selection." PCRA Court Opinion, 11/7/17, at 10. The record supports the PCRA court's factual finding. Thus, Appellant's fourth claim on appeal fails for lack of arguable merit. *See Bardo*, 105 A.3d at 685.

Fifth, Appellant claims that Attorney Morrone was ineffective for failing to object to the Commonwealth's opening statement, which mentioned Appellant's prior record. Appellant's Brief at 26-28. This claim automatically fails because Appellant was charged with persons not to possess firearms and, as an element of the crime, the Commonwealth was required to prove that Appellant was convicted of an enumerated offense. *See* 18 Pa.C.S.A. § 6105(a)(1) ("[a] person who has been convicted of an offense enumerated in subsection (b) . . . shall not possess, use, control, sell, transfer or manufacture . . . a firearm in this Commonwealth"). Therefore, since the Commonwealth was required to prove that Appellant had a prior disqualifying conviction, the Commonwealth was permitted to mention Appellant's prior record in its opening statement. *See*, *e.g.*, *Commonwealth v. Parker*, 919 A.2d 943, 950 (Pa. 2007) ("A prosecutor's statements must be based on evidence that he plans to introduce at trial. . . . A prosecutor's opening statements may refer to facts that he reasonably believes will be established at trial") (internal quotations and citations omitted). Appellant's claim on appeal thus fails.

Finally, Appellant claims that trial counsel was ineffective for "fail[ing] to file a motion to produce discovery from the Game Commission relating to the camera and photos." Appellant's Brief at 28. This claim relates to the trail photographs that, Appellant insists, were taken on the day of the incident. *Id.* at 29-30. However, and again, Attorney Morrone testified that there were no trail photographs from the day of the incident because the trail camera "was not recording anything from days before the incident . . . so they had nothing that would prove or disprove [Appellant's] charges on that day." *Id.* at 55. Appellant did not produce any evidence to the contrary at the PCRA hearing. Therefore, Appellant's claim fails.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/6/2018

- 11 -