J-S41021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALEXANDRA ELIZABETH SEXTON | : | |
| | : | |
| Appellant | : | No. 3567 EDA 2017 |

Appeal from the PCRA Order October 3, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002643-2014

BEFORE: GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 07, 2018**

Appellant, Alexandra Elizabeth Sexton, appeals from the order entered on October 3, 2017, dismissing her petition for relief filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  We affirm.

We previously summarized the underlying facts of this case:

> On July 31, 2014, Appellant entered a guilty plea to, *inter alia*, acquiring a controlled substance by misrepresentation. The same day, Appellant was sentenced to a treatment program, treatment court, and [30] months of probation. Appellant subsequently violated her probation, and on July 23, 2015, she was terminated from treatment court, was sentenced to [36] months of intermediate punishment "only to be released to an available bed," and was ordered to enter a long-term treatment program.
>
> Appellant violated the terms of her county intermediate punishment sentence in June of 2016 by having a positive drug screen and failing to pay costs.  On August 3, 2016, a hearing was held and Appellant stipulated to the failed drug screen.  The trial court and Appellant's counsel explained to Appellant the benefit of entering a State Intermediate

_____

\*   Former Justice specially assigned to the Superior Court.

> Punishment ("SIP") program being proposed by the Commonwealth that would provide Appellant treatment and an anticipated step down in her level of incarceration and supervision. Appellant indicated her interest in being evaluated for this program, and the matter was continued for purposes of an evaluation to determine Appellant's eligibility for the program.
>
> A hearing was held on November 15, 2016, and at that hearing, despite being approved for the SIP program, Appellant stated that she did not want to enter the program. The trial court explained that if Appellant declined to enter the program, the court would proceed to sentencing Appellant and discussed the sentencing guidelines. Appellant stipulated to the violations of failing to pay costs and a failed drug screen, and she stated that she wished to proceed to sentencing. The trial court sentenced Appellant to four to eight years of incarceration.
>
> Appellant filed a post-sentence motion on November 18, 2016. The trial court scheduled a hearing on Appellant's post-sentence motion for December 16, 2016, and on December 14, 2016, vacated the sentence imposed on November 15, 2016, pending the hearing on the post-sentence motion. Following the hearing on December 16, 2016, the trial court imposed the same sentence of four to eight years of incarceration.

*Commonwealth v. Sexton*, 175 A.3d 420 (Pa. Super. 2017) (unpublished memorandum) at 1-3 (internal footnote and citations omitted).

We affirmed Appellant's judgment of sentence on July 27, 2017. *Id.* at 1-11.

On August 24, 2017, Appellant filed the current, counseled PCRA petition. Within the petition, Appellant claimed that her trial counsel was ineffective during the sentencing hearing because counsel failed to provide the trial court with the following mitigating evidence:

[A] letter from Don Lipstein – [Appellant's] step-father. In sum, Mr. Lipstein notes that he has accepted [Appellant] as his own daughter since her early teen-aged years and that her struggles began due to significant losses in her life. He also notes that he will continue to note [sic] [Appellant].

. . . [A] letter from Emily Cheeseman, who is [Appellant's] step-sister. She, in sum, notes [Appellant's] amazing character as exhibited by her supporting her family as they grieved and whenever they needed her the most.

. . . [A] letter from Rebecca Sarson, [Appellant's] supervisor from David's Bridal. In sum, Ms. Sarson notes that [Appellant] had amazing work ethic and exceeded all of her expectations.

. . . [A]nother letter from a previous employer, Justin Grilli, who also notes that [Appellant] was a strong worker and remarks on how polite and cordial she was to customers.

. . . [A] letter from Drew Alikakos, M.S. Licensed Psychologist. In sum, Mr. Alikakos notes that he counseled [Appellant] since the age of 13. He notes that not only have [Appellant] and her family maintained the desire to cure her addiction without the court's intervention, but also that her signs of addiction started at a very young age.

. . . [A] letter from Barbara Oliphant, [Appellant's] aunt, who notes that she is in frequent contact with [Appellant] and is constantly supporting her. She highlights [Appellant's] character and compassion for others.

. . . [A] letter from Angie Riley, a cousin of [Appellant]. Ms. Riley notes that [Appellant] has been like a little sister to her and recalls [Appellant's] volunteership at child care work centers and, like Ms. Oliphant, stresses [Appellant's] strong sense of compassion.

. . . [A] letter from childhood friend Erin Densmore, who notes her support for [Appellant] and highlights [Appellant's] amicable nature and the quality of her friendship.

Appellant's PCRA Petition, 8/24/17, at ¶¶ 22-29 (some internal capitalization omitted).

Appellant attached all of the above-summarized letters to her petition.[1] *See id.* at Exhibits B-I.

On September 7, 2017, the PCRA court provided Appellant with notice that it intended to dismiss her petition in 20 days, without holding a hearing, as the claims in the petition were patently meritless. *See* PCRA Court Order, 9/7/17, at 1-4; *see also* Pa.R.Crim.P. 907(1). Appellant did not respond to the notice and, on October 3, 2017, the PCRA court finally dismissed Appellant's petition.

Appellant filed a timely notice of appeal. She raises two claims to this Court:

> 1. Did the [PCRA] court err in denying relief from Appellant's sentence as counsel was ineffective for [his] failure to provide mitigation evidence?
>
> 2. Did the [PCRA] court err in denying relief from Appellant's sentence as the sentencing court did not order a pre-sentence investigation, nor did it state its reasons for disposing of its pre-sentence investigation in sentencing [Appellant] to a term of four to eight years [in prison]?

---

[1] Within her petition, Appellant also claimed:

> [Appellant] is entitled to relief from her sentence as the sentencing court did not order a PSI, nor did it state its reasons for disposing of the PSI nor its reasons for sentencing [Appellant] to a term of imprisonment of four to eight years.

Appellant's PCRA Petition, 8/24/17, at 8 (some internal capitalization omitted).

Appellant's Brief at 9 (some internal capitalization omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that her conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffectiveness of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is, however, presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). As this Court has explained:

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. *See Commonwealth v. Jones*, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . . , he or she will have failed to establish the arguable merit prong related

to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (some internal quotations and citations omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.*

Further,

Under the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (internal citations omitted).

First, Appellant claims that her trial counsel was ineffective for failing to provide the trial court with certain, mitigating character evidence during the sentencing hearing. According to Appellant, had the trial court heard the

character evidence, it "would have fashioned a different sentence." Appellant's Brief at 18. This claim fails.

The Honorable George A. Pagano was the PCRA court judge in this case – and Judge Pagano was also Appellant's judge at sentencing. As Judge Pagano explained in his opinion to this Court, "the additional character evidence presents no reasonable probability that the outcome of the proceeding would have been resolved differently." PCRA Court Opinion, 4/12/18, at 4. In other words, Judge Pagano concluded that – even if Appellant had presented the mitigating character evidence to him at the sentencing hearing – Judge Pagano would have sentenced Appellant to serve the same, four-to-eight-year term of incarceration. *Id.* at 4-5. Thus, Appellant was not prejudiced by trial counsel's alleged failure to present the mitigating character evidence at sentencing. *Stewart*, 84 A.3d at 707 ("Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different") (internal quotations and citations omitted). Appellant's claim on appeal fails.

Second, Appellant contends that the trial court abused its discretion at sentencing because the court did not order a pre-sentence investigation and did not "state its reasons for disposing of its pre-sentence investigation in sentencing [Appellant] to a term of four to eight years [in prison]." Appellant's Brief at 21. This claim is not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2). Therefore, Appellant's claim on appeal fails.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/7/18