J-S13014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :          PENNSYLVANIA
                              :
             v.               :
                              :
                              :
                              :
ROBERT UPSHAW                 :
                              :
            Appellant         :  No. 2225 EDA 2020

Appeal from the PCRA Order Entered November 13, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0015017-2013

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY OLSON, J.:                **FILED SEPTEMBER 16, 2021**

Appellant, Robert Upshaw, appeals from the order entered on November

13, 2020, which dismissed his petition filed under the Post-Conviction Relief

Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We previously summarized the underlying facts of this case:

> On October 5, 2013, Veronica Joyner [("Ms. Joyner")] went
> to her house at 2118 West Tioga Street, Philadelphia,
> Pennsylvania ("the property") because her neighbors had told
> her they saw a man enter the house.  When she arrived at
> the property, [Ms.] Joyner called the police and waited out
> front for assistance to arrive.  Soon thereafter, Officer
> Matthew Lally ("Officer Lally") arrived at the scene and
> entered the property through a cellar door that he testified
> looked like someone had forced open.  Once inside the
> property, Officer Lally found [Appellant] crouched behind a
> couch on the first floor.  [Ms.] Joyner testified that
> [Appellant] did not have her permission to be inside the
> property. After Officer Lally placed [Appellant] under arrest,

_____

* Retired Senior Judge assigned to the Superior Court.

[Ms.] Joyner entered the property and observed that the stained glass windows had been removed, a door had been taken off its hinges, and that clothing, shoes and tools were missing. [Ms.] Joyner testified that there was $3,000 worth of damage to the property and another "couple of thousand dollars" worth of personal property was missing.

Regarding the condition of the property, [Ms.] Joyner testified that she did not live fulltime at the property because it did not have electricity, water or heat. [Ms.] Joyner explained that she spent her afternoons at the property, but would usually spend the night at her other house located about six doors away. [Ms.] Joyner stated that the property contained furniture, including a bed and sofa, and several general household objects. While she did not normally spend the night at the property, [Ms.] Joyner testified that she had stayed there overnight three or four days before the incident. [Ms.] Joyner stated that approximately three weeks prior to this incident, the property was burglarized and its locks broken, so she boarded the doors and windows and secured the front door with a padlock and deadbolt.

[Following a bench trial, the trial court found Appellant guilty of burglary, criminal trespass, criminal mischief, theft by unlawful taking, and receiving stolen property.[1]] On December 23, 2014, the trial court sentenced [Appellant] to three to six years of incarceration on the burglary charge, followed by three years of probation. The trial court also sentenced [Appellant] to three years of probation on the criminal mischief charge, consecutive to the burglary sentence, three years of probation on the theft charge, concurrent to the criminal mischief sentence, and no further penalty on the remaining charges.

On January 7, 2015, [Appellant] filed a motion for modification of sentence, alleging that his sentence for theft was illegal because it merged with burglary for purposes of sentencing. On January 16, 2015, the trial court granted [Appellant's] motion and vacated the three-year probationary sentence for theft.

---

[1] 18 Pa.C.S.A. §§ 3502(a)(2), 3303(a)(1)(ii), 3304(a)(2), 3921(a), 3925(a).

*Commonwealth v. Upshaw*, 134 A.3d 102 (Pa. Super. 2015) (unpublished memorandum) at 1-3 (footnote omitted), *appeal denied*, 158 A.3d 70 (Pa. 2016).

Appellant filed a timely notice of appeal from his judgment of sentence and claimed: 1) the evidence was insufficient to support his first-degree felony burglary conviction because the property "was not adapted for overnight accommodation" and 2) the evidence was insufficient to support his third-degree felony criminal mischief conviction because "the estimated damage was about $3000, not loss in excess of $5000 as required by 18 Pa.C.S.A. § 3304(b)." *Id.* at 4.

We held that the evidence was sufficient to support Appellant's first-degree felony burglary conviction but that the evidence was insufficient to support Appellant's third-degree felony criminal mischief conviction, as Ms. Joyner's pecuniary loss did not exceed $5,000. However, we held that, since "[Ms.] Joyner did testify that she received an estimate for $3,000 worth of damage to her house, [] the evidence was sufficient to sustain [Appellant's] conviction of criminal mischief as a second-degree misdemeanor." *Id.* at 14. Further, since our disposition disturbed the trial court's overall sentencing scheme, we vacated Appellant's judgment of sentence in its entirety and remanded for resentencing. *Id.* at 15.

On December 16, 2016, the trial court resentenced Appellant to serve an aggregate term of three to six years in prison, followed by two years of

probation, for his convictions. Appellant did not file a direct appeal from his judgment of sentence.

On December 21, 2017, Appellant filed a timely, *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant during the proceedings and counsel filed an amended petition on Appellant's behalf. Within the petition, Appellant claimed: "trial and direct appeal counsel were ineffective for failing to obtain all evidence and fully argue that [Ms. Joyner] was not the owner of the property wherein the [] crimes occurred and, therefore, [Appellant's] judgment of sentence should be vacated." Amended PCRA Petition, 3/27/20, at 4 (some capitalization omitted).

On October 16, 2020, the PCRA court provided Appellant with notice that it intended to dismiss his petition in 20 days, without holding a hearing. PCRA Court Notice, 10/16/20, at 1; **see also** Pa.R.Crim.P. 907(1). Appellant did not respond to the notice of intent to dismiss and, on November 13, 2020, the PCRA court finally dismissed Appellant's petition. PCRA Court Order, 11/13/20, at 1. Appellant filed a timely notice of appeal. He raises one claim on appeal:

> Did the PCRA court err in dismissing Appellant's PCRA petition without a hearing because trial and direct appeal counsel were ineffective for failing to obtain all evidence and fully argue that [Ms. Joyner] was not the owner of the property wherein the [] crimes occurred and, therefore, judgment of sentence should be vacated because the Commonwealth could not sustain its burden without presenting an individual with an appropriate possessory interest in the property which Appellant allegedly burgled, trespassed, and so on?

Appellant's Brief at 4 (some capitalization omitted).

"Under the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citations omitted). "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." *Id.*

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003).  As this Court has explained:

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief.  ***See Commonwealth v. Jones***, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . . , he or she will have failed to establish the arguable merit prong related to the claim").  Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success.  Counsel's decisions will be considered reasonable if they effectuated his client's interests.  We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (some quotations and citations omitted).  "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.*

According to Appellant, his trial counsel was ineffective for failing to present documentary evidence that Ms. Joyner did not own the 2118 West Tioga Street property.  Specifically, Appellant claims that, at the time in question, the property was owned by a person named Willa Mae Berry.  Further, Appellant attached various public records to his PCRA petition, which,

Appellant contends, prove that Ms. Berry (and not Ms. Joyner) owned the property. Appellant claims that, since Ms. Joyner did not own the subject property, Ms. Joyner "had no legal standing to act as a complainant against Appellant for the crimes for which he was charged and, ultimately, convicted." Appellant's Brief at 12.

Appellant's claim on appeal immediately fails because Appellant's trial counsel, in fact, "presented Ms. Joyner with the recorded deeds to the premises." PCRA Court Opinion, 11/22/20, at 5. Indeed, trial counsel's cross-examination of Ms. Joyner elicited the following testimony:

> [Trial Counsel]: [Ms. Joyner], I'm going to show you a document I'm going to mark as D-3. . . . [C]an you read what the address is there at the top?
>
> [Ms. Joyner]: [Berry, Willa Mae], 2118 West Tioga.
>
> [Trial Counsel]: Do you go by the name [Berry, Willa Mae]?
>
> [Ms. Joyner]: No.
>
> [Trial Counsel]: And are you reading that [Berry, Willa Mae] is listed as the owner; is that correct?
>
> [Ms. Joyner]: Yes.
>
> [Trial Counsel]: And can you read down a little bit more where it says sale date?
>
> [Ms. Joyner]: 1/10/2008.
>
> [Trial Counsel]: Do you know –
>
> [Ms. Joyner]: For one dollar.
>
> [Trial Counsel]: Do you know a [Berry, Willa Mae]?

[Ms. Joyner]: Yes.

[Trial Counsel]: And would you agree with me that you're not the owner of this property?

[Ms. Joyner]: No, I would not.

[Trial Counsel]: And you currently indicated that you live at 2051?

[Ms. Joyner]: That's correct.

[Trial Counsel]: -- Tioga Street?

[Trial Counsel]: Are you the owner of this property?

[Ms. Joyner]: I am.

[Trial Counsel]: I'm going to approach you with what I'd like to mark as D-4. . . . Can you read for me the address at the top of this document that I've marked as D-4?

[Ms. Joyner]: 2051.

[Trial Counsel]: West Tioga; is that correct?

. . .

[Ms. Joyner]: Oh, yes, 2051.

[Trial Counsel]: And can you read for me what the name is under owner?

[Ms. Joyner]: Rocky Bullsobay (phonetic).

[Trial Counsel]: And would you also read for me when the sale date was?

[Ms. Joyner]: Even though it's voided, 12/8/2008.

[Trial Counsel]: December 8, 2008, and the sale price, you would agree that it says 25,000?

[Ms. Joyner]: $25,100.

[Trial Counsel]: So you don't go by the name Rocky Bullsobay; do you?

[Ms. Joyner]: I go by the name Veronica Joyner.

[Trial Counsel]: And even these two documents indicate that Rocky Bullsobay lives at 2118 West Tioga; is that correct?

[Ms. Joyner]: Never has, never will.

[Trial Counsel]: And at 2118 West Tioga, the document I showed you indicating -- that I marked as D –

[Ms. Joyner]: That I bought it for one dollar, you mean?

[Trial Counsel]: [Berry, Willa Mae]; is that correct?

[Ms. Joyner]: Um-hum. Now, what is the question about [Willa Mae]?

[Trial Counsel]: You would agree with me that that was the stated owner?

[Ms. Joyner]: On your documents, yes.  . . . On my documents of sale and on my deeds, which I can bring in, I am the legal owner.

[Trial Counsel]: Do you have those deeds, here, with you today?

[Ms. Joyner]: I didn't know you were going to produce that stuff, but I shall bring them at the next session of this.

N.T. Trial, 9/5/14, at 37-40.

From the above, it is apparent that trial counsel, in fact, produced documentary evidence that Ms. Joyner did not own 2118 West Tioga Street.

Appellant's claim that counsel was ineffective for failing to produce the documents at trial thus has no basis in fact and necessarily fails.[2]

Order affirmed. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/16/2021*

---

[2] Further, as the PCRA court noted, none of Appellant's convictions require that the Commonwealth present the owner of the premises at trial. **See** PCRA Court Opinion, 12/22/20, at 7. Therefore, even if trial counsel had not introduced the documents at trial, Appellant's ineffective assistance of counsel claim would have still failed.