876 A.2d 380

COMMONWEALTH of Pennsylvania, Appellee,

v.

James JONES, Appellant.

**Nos. 350 CAP and 360 CAP.**

Supreme Court of Pennsylvania.

Submitted Jan. 6, 2004.

Decided June 21, 2005.

Reargument Denied Sept. 14, 2005.

132

134

Michael Coard, Esq., Robert Brett Dunham, Esq., Philadelphia, for James Jones.

Hugh J. Burns, Esq., Amy Zapp, Esq., Philadelphia, for Commonwealth of Pennsylvania.

BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## *OPINION*

Chief Justice CAPPY.

James Jones, Appellant, appeals from an order denying his petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. For the reasons stated herein, we affirm in part and vacate and remand in part.

On June 15, 1981, a jury convicted Appellant of two counts of first degree murder,[1] two counts of arson endangering persons,[2] and one count of arson endangering property.[3] According to the facts of record, the convictions arose from an incident in which Appellant bound, gagged, and burned to death Karen and Diane Williams in the basement of a house in Philadelphia.[4] Following his conviction, a jury sentenced Appellant to death upon the finding of three aggravating circumstances that outweighed the finding of one mitigating circumstance.[5]

On direct appeal, this court affirmed Appellant's conviction and death sentence. *Commonwealth v. Jones*, 539 Pa. 222, 651 A.2d 1101 (1994). On October 2, 1995, the United States Supreme Court denied *certiorari*. *Jones v. Pennsylvania*, 516 U.S. 835, 116 S.Ct. 113, 133 L.Ed.2d 65 (1995).

Appellant next filed a *pro se* PCRA petition on October 6, 1995, and counsel was appointed. The Center for Legal Education, Advocacy and Defense Assistance subsequently entered a notice of appearance on Appellant's behalf and filed amended and supplemental petitions. Following an evidentiary hearing, the PCRA court vacated Appellant's death sentence and granted a new penalty phase hearing because the jury found an uncharged aggravating circumstance, 42 Pa.C.S. § 9711(d)(7), and because trial counsel failed to investigate and develop mitigating evidence. All other relief was denied. It is from this order that Appellant now appeals.[6]

1. 18 Pa.C.S. § 2502.

2. 18 Pa.C.S. § 3301(a).

3. 18 Pa.C.S. § 3301(c).

4. A full rendition of the facts underlying Appellant's conviction can be reviewed at *Commonwealth v. Jones*, 539 Pa. 222, 651 A.2d 1101 (1994).

5. The three aggravating circumstances found by the jury were: (1) Appellant committed a killing while in the perpetration of a felony (arson), 42 Pa.C.S. § 9711(d)(6); (2) Appellant knowingly created a grave risk of death to another person other than the victims of the murder, § 9711(d)(7); and (3) the murders were committed by means of torture, § 9711(d)(8). The only mitigating circumstance found by the jury was that Appellant had no significant history of prior criminal convictions. § 9711(e)(1).

6. The Commonwealth previously filed a cross-appeal alleging PCRA court error in granting Appellant a new death penalty hearing, but this cross-appeal has since been withdrawn.

136

■ In this appeal from the PCRA court's order, Appellant raises seven issues and numerous sub-issues for our review. Initially, we note that this court has jurisdiction over Appellant's petition because we directly review the denial of post conviction relief in death penalty cases pursuant to 42 Pa.C.S. § 9546(d). Additionally, this court has jurisdiction to review the denial of Appellant's guilt phase claims even though the PCRA court vacated Appellant's sentence of death. *See Commonwealth v. Bryant,* 566 Pa. 307, 780 A.2d 646, 648 (2001) (indicating that review of the PCRA court's decision denying guilt phase relief should precede the imposition of a new sentence by the trial court).

■ The instant petition is Appellant's first PCRA petition and was filed on October 6, 1995, which was prior to the effective date of the November 1995 amendments to the PCRA. Accordingly, the petition is governed by the previous version of the PCRA. *See Commonwealth v. Bond,* 572 Pa. 588, 819 A.2d 33, 37 (2002).

■ On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and are free from legal error. *Commonwealth v. Abu-Jamal,* 574 Pa. 724, 833 A.2d 719 (2003) (citing *Commonwealth v. Breakiron,* 566 Pa. 323, 781 A.2d 94 (2001)). In order to be eligible for relief, a PCRA petitioner must establish by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated defects found in 42 Pa.C.S. § 9543(a)(2) and that the allegation of error has not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). A claim is previously litigated under the PCRA if the highest appellate court in which the petitioner would have had review as a matter of right has ruled on the merits of the issue. 42 Pa.C.S. § 9544(a)(2). An allegation is deemed waived "if the petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S. § 9544(b). Further, pursuant to *Commonwealth v. Albrecht,* 554 Pa. 31, 720 A.2d 693 (1998), the relaxed waiver rule is no

longer applicable to PCRA appeals, and therefore, any claims that have been waived by Appellant are beyond the power of this court to review. Additionally, rather than address Appellant's issues in the order that they were presented for review, we are addressing them in the order that they arose.

 Turning to the guilt phase issues, Appellant claims that the Commonwealth exercised its peremptory strikes in a racially and sexually discriminatory manner. Appellant asserts that the PCRA court erred in dismissing this claim without addressing it in its opinion. We agree. *See Commonwealth v. Basemore*, 560 Pa. 258, 744 A.2d 717, 728 (2000).

In *Commonwealth v. Williams*, 557 Pa. 207, 732 A.2d 1167 (1999), we held that when the trial court merely adopted the Commonwealth's brief in support of an issue which required factual or credibility determinations, a remand was warranted. Specifically, we were concerned that such issues could not be resolved by an appellate court on the record before it. *Id.* at 1181, 1189–90. This case presents a similar situation since, in its opinion, the PCRA court only addressed the claim related to gender discrimination and failed to address Appellant's claim related to racial discrimination. Furthermore, the PCRA court did not conduct an evidentiary hearing on this claim.[7]

Without a full and complete investigation into the record surrounding the alleged violation, it is difficult to conduct meaningful appellate review of the matter. *Commonwealth v. McGill*, 574 Pa. 574, 832 A.2d 1014, 1026 (2003). As such, we vacate the portion of the PCRA court's order dismissing Appellant's claim of racial discrimination and remand for the PCRA court to address this issue, including consideration of Appellant's request for an evidentiary hearing on this claim. *See Commonwealth v. Uderra*, 862 A.2d 74, 87 (Pa.2004) (setting forth standard for claim of racial discrimination in jury selection that was not preserved at trial).

7. The PCRA court only addressed a separate claim of gender discrimination regarding the Commonwealth's use of peremptory strikes in jury selection.

■ We next turn to Appellant's layered claim of ineffective assistance of counsel for failure to raise a claim of trial court error. In *McGill,* 832 A.2d at 1020–26, this court clarified the procedure to be followed in preserving and proving a PCRA claim challenging the effectiveness of all prior counsel in addition to immediate appellate counsel. *McGill* explicitly stated that "in order for a petitioner to properly raise and prevail on a layered ineffectiveness claim, sufficient to warrant relief, he must **plead, present,** and **prove**" the ineffectiveness of direct appellate counsel, which necessarily related back to the actions of trial counsel. *Id.* (emphasis in original). Thus, as with all claims of ineffectiveness, the petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of that counsel's deficient performance. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973, 975 (1987). The arguable merit prong of appellate counsel ineffectiveness is grounded in the underlying claim of trial counsel ineffectiveness. In order for the claim related to appellate counsel's conduct to have arguable merit, a petitioner must prove the underlying claim of trial counsel ineffectiveness.

■ To advance the arguable merit of the underlying claim in appellate briefing, the petitioner must develop all three prongs of the *Pierce* test as to the ineffectiveness of trial counsel. *Id.* at 1022. If a petitioner fails to develop any of the three *Pierce* prongs regarding the underlying issue of trial counsel ineffectiveness, he or she will have failed to advance the arguable merit prong of the claim of appellate counsel's ineffectiveness. *Id.; Commonwealth v. Rush,* 576 Pa. 3, 838 A.2d 651, 656 (2003). Likewise, if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim of trial counsel ineffectiveness, he or she will have failed to establish the arguable merit prong related to the claim of appellate counsel's ineffectiveness.

 According to *McGill*, a remand may be necessary to allow the petitioner an opportunity to correct any errors with regard to the pleading and presentation of his or her claim of appellate counsel ineffectiveness. Such a remand is warranted when the petitioner has developed and presented sufficient allegations related to the underlying issue of trial counsel ineffectiveness. *Id.* A remand of this type may include further review of the claim of trial counsel's ineffectiveness, when a petitioner has raised sufficient allegations related to that claim, but the PCRA court did not adequately review the claim.

 Appellant claims that the trial court provided an improper reasonable doubt instruction. Appellant also alleges that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to object to the language of the jury charge. Accordingly, Appellant has sufficiently pled this claim for our review. *McGill, supra.* However, we cannot review this claim for a different reason. The claim Appellant forwards to this court is fundamentally different from the claim raised to the PCRA court. In that court, Appellant raised this claim only as an issue of trial court error.[8] Thus, Appellant did not give the PCRA court the opportunity to entertain this ineffectiveness claim in the first instance. Therefore, the ineffectiveness claim he presently raises is waived. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Appellant attempts to avoid a finding of waiver by asserting that there was no need to develop the ineffectiveness claim before the PCRA court since the trial court had already reviewed and rejected this issue in its post-trial opinion and "by virtue of [the trial court's] prior adverse resolution of those issues, the [PCRA] Court will necessarily deny Peti-

8. As discussed *infra*, Appellant believed he was justified in raising this as a claim of trial court error before the PCRA court, since post-trial counsel raised this claim in post-trial motions and the claim was rejected by the trial court. Subsequently, however, appellate counsel did not raise this claim on direct appeal. Thus, Appellant argues this claim as a "layered" claim of appellate counsel error for the first time before this court.

tioner's separate PCRA claim that appellate counsel was ineffective in failing to appeal that adverse resolution." *See* PCRA Petition dated January 2, 1997 at 8 n. 3. Appellant fails to recognize that the trial court, which entertained the post-verdict motions and the PCRA court are distinct courts and must be treated as such. Accordingly, this claim is waived.

■ Appellant next alleges that the trial court erred in refusing the defense request to give a balanced jury instruction regarding inconsistent statements made by Appellant. Appellant adds that appellate counsel was ineffective for failing to raise this claim on direct appeal. This claim is distinct from the "layered" claim discussed previously, since the allegation is that appellate counsel was ineffective in his own right—for failing to raise a preserved claim of trial court error. Accordingly, resolution of this claim is not governed by this court's decision in *McGill*, 832 A.2d at 1020–26. Rather, in a claim alleging ineffectiveness of counsel, as stated before, it is well-established that the *Pierce* test requires the PCRA petitioner to set forth the three prong standard of ineffectiveness as it relates to the performance of counsel. *Pierce*, 527 A.2d at 975.

■ In this case, Appellant merely addresses the first prong, arguing that the underlying claim of trial court error is meritorious. Appellant makes only a bald allegation that appellate counsel did not have a reasonable basis for failing to argue this issue on direct appeal, and asserts that the prejudice "is self-evident." Appellant's Brief at 43. Such an undeveloped claim, based upon a boilerplate assertion of appellate counsel's ineffectiveness, cannot establish counsel's ineffectiveness. *See Commonwealth v. Bracey*, 568 Pa. 264, 795 A.2d 935, 940 n. 4 (2001) (noting that the mere tacking on of a sentence stating that all prior counsel were ineffective for failing to raise underlying claims of error does not satisfy Appellant's burden of establishing that he is entitled to post conviction relief on ineffective assistance of counsel claim.)

Appellant also raises a number of claims arising from the penalty phase. However, we are not addressing these claims

because the PCRA court vacated the judgment of sentence and remanded this case for a new penalty hearing. *See, e.g., Commonwealth v. Harvey*, 571 Pa. 533, 812 A.2d 1190, 1200 n. 8 (2002).[9] We will, however, address Appellant's claim that the PCRA court erred in ordering a new penalty phase hearing instead of imposing an automatic life sentence. As support for this claim, Appellant asserts that the death penalty statute in effect at the time of his trial, through his appeal, mandates the imposition of a life imprisonment sentence since his death sentence was vacated. *See* 42 Pa.C.S. § 9711(h)(2), repealed effective December 21, 1988 (stating that a court "shall either affirm the sentence of death or vacate the sentence of death and remand for the imposition of a life imprisonment sentence.")

This statute was amended in 1988 and now provides that whenever a sentence of death is vacated, except on the basis of lack of sufficient evidence, a new sentencing hearing must be conducted. 42 Pa.C.S. § 9711(h)(4). Contrary to Appellant's contention, this court has "repeatedly held that the revised sentencing provisions can be applied to cases [like Appellant's], that were pending in the appellate process at the time of the amendment." *Commonwealth v. Lesko*, 553 Pa. 233, 719 A.2d 217, 220 (1998) (citing *Commonwealth v. Wharton*, 542 Pa. 83, 665 A.2d 458, 460 (1995)); *Commonwealth v. Young*, 536 Pa. 57, 637 A.2d 1313, 1316–18 (1993) (no violation of Ex Post Facto Clause); *see also Commonwealth v. Chambers*, 546 Pa. 370, 685 A.2d 96 (1996). Appellant's case was pending at the time of the amendments, and thus, the PCRA court did not err in ordering a new sentencing hearing.

9. Appellant also raises a challenge that his conviction and death sentence were the product of racial discrimination. Appellant's Brief at 84.5 citing David Baldus, George Woodworth, et al., *Racial Discrimination and the Death Penalty in the Post-Furman Era: An Empirical and Legal Overview, with Recent Findings from Philadelphia*, 83 Cornell L.Rev. 1638 (1998). Our review of this claim, however, reveals that Appellant is arguing that his sentence of death was the product of racial discrimination. As such, we need not address this penalty-phase argument.

■ Appellant next claims that Mr. Justice Castille was required to recuse himself from considering the direct appeal because the Justice was the former Philadelphia District Attorney, and his name appeared on a brief filed with this court on direct appeal.

■ In Pennsylvania, the standards for recusal are well established. *See, e.g., Reilly v. SEPTA,* 507 Pa. 204, 489 A.2d 1291, 1300 (1985). Nevertheless, we need not consider those standards in this case because Appellant makes no argument supporting his claim that Mr. Justice Castille should have recused himself and, instead, merely relies on the recusal pleadings. Appellant fails to note that the recusal pleadings cannot be incorporated by reference but rather must be set forth in the appellate brief. *See Commonwealth v. Lambert,* 568 Pa. 346, 797 A.2d 232 (2001). Accordingly, since no argument was included in the appellate brief, we will not consider this claim.

■ Additionally, Appellant claims that the PCRA court erred in failing to conduct an evidentiary hearing on all of his guilt phase claims. Pennsylvania Rule of Criminal Procedure 909 gives the PCRA court discretion to dismiss a PCRA petition without an evidentiary hearing "[i]f the judge is satisfied ... that there are no genuine issues concerning any material fact ... and no legitimate purposes would be served by any further proceedings." Pa.R.Crim.P. 909(B)(2). As discussed more fully herein, Appellant presents no genuine issues concerning any material fact which would warrant an evidentiary hearing on the guilt phase issues aside from the issue of racial discrimination. As such, Appellant has not established that the trial court abused its discretion in failing to hold an evidentiary hearing on the remaining guilt phase issues. *See Uderra,* 862 A.2d at 83; *Rush,* 838 A.2d at 659.

Appellant's final claim is that the cumulative prejudicial effect of the errors raised herein entitles him to relief. "Such arguments generally have been rejected in favor of an individualized assessment of the merits of claimed trial errors." *Williams,* 732 A.2d at 1191. On the basis of our review set

forth above, we conclude that this claim does not warrant relief inasmuch as we determined after individualized assessment that only one claim warranted further review.

For the preceding reasons, the order of the PCRA court is affirmed in part, vacated in part, and this matter is remanded to the PCRA court for consideration of Appellant's claim of racial discrimination, consistent with our opinion today. *See* 42 Pa.C.S. § 9711(i).

Jurisdiction retained.

Justice SAYLOR files a concurring opinion.

Justice CASTILLE files a concurring and dissenting opinion.

Justice EAKIN files a concurring and dissenting opinion in which Justice NEWMAN joins.

Justice SAYLOR concurring.

I join the majority in remanding the claim of racial discrimination in jury selection for adequate judicial review before the post-conviction court. Left to my own devices, however, I would broaden the remand to also include a directive for the PCRA court to also conduct a hearing on the claim of deficient stewardship on the part of appellate counsel for failing to obtain judicial review of the trial court's refusal of a defense request for a balanced jury charge relative to inconsistencies between various statements made by Appellant to police.

Additionally, on the point concerning whether Appellant should receive a sentence of life imprisonment under the death penalty statute in effect at the time of Appellant's offense and trial, which mandated the imposition of a life sentence in situations in which a death sentence was vacated, I join the majority's treatment based the effect of *Commonwealth v. Young*, 536 Pa. 57, 637 A.2d 1313 (1993), as precedent. As concerns the legal reasoning involved, however, my personal position is more in line with that taken by Mr. Chief Justice Cappy in his responsive opinion in *Young*. *See Young*, 536 Pa. at 80–82, 637 A.2d at 1324–25 (Cappy, J., concurring and

dissenting) (concluding that retroactive application of the pertinent amendments to the death penalty statute increased the available punishment on remand and, therefore, resulted in an *ex post facto* violation).

Justice CASTILLE concurring and dissenting.

Like Mr. Justice Eakin, I am in accord with the Majority's approach and decision with the exception of what the majority characterizes as appellant's claim that the Commonwealth exercised its peremptory challenges, at this 1981 trial, in a racially discriminatory fashion which violated the later, non-retroactive decision of the U.S. Supreme Court in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The Majority notes that the PCRA[1] court dismissed this *Batson* claim without addressing it in its opinion. The Majority vacates the dismissal and remands for the PCRA court to consider the *Batson* issue in the first instance, including consideration of appellant's request for an evidentiary hearing. I respectfully dissent from the vacatur and, in addition, I write because I have some concerns respecting the Majority's inaccurate portrayal of the claim for PCRA review purposes.

As a general matter, I believe it is essential for trial judges to address in their opinions all properly preserved claims, so as to facilitate meaningful appellate review. *See Commonwealth v. DeJesus*, 868 A.2d 379 (Pa.2005); *Commonwealth v. Fulton*, 583 Pa. 65, 876 A.2d 342, 2002 WL 1160755 (May 30, 2002); *Commonwealth v. (Roy) Williams*, 557 Pa. 207, 732 A.2d 1167 (1999). In order to further this salutary requirement, the Court need only to remand for the trial court to file a supplemental opinion addressing the collateral claim arising from jury selection. Because it is premature to vacate the denial of relief on the claim, however, I dissent from the vacatur.

I think it is particularly unwise to vacate the order in light of the Majority's mischaracterization of the actual nature of the claim. The Majority poses this claim as if it were a *Batson*

1. 42 Pa.C.S. § 9541 *et seq.*

claim pure and simple. If this were so, the ordered remand is futile, for appellant unquestionably waived any *Batson* claim when he failed to raise it at trial and on direct appeal. As Justice Eakin correctly notes, for purposes of this collateral attack, the only cognizable and non-waived claim arising out of jury selection is a layered claim sounding in the ineffective assistance of prior counsel.

This case was tried long before *Batson* was decided. Counsel did not foresee that decision and did not preserve a *Batson*-type claim. As a matter of Sixth Amendment law, it is beyond cavil that counsel cannot be deemed ineffective for failing to anticipate a change in the law such as *Batson*. *Commonwealth v. Gribble*, 863 A.2d 455, 473 (Pa.2004) ("It is settled that counsel cannot be deemed ineffective for failing to predict changes and/or developments in the law."); *Commonwealth v. Todaro*, 549 Pa. 545, 701 A.2d 1343, 1346 (1997) (same). Given these immutable facts, as well as the other obvious deficiencies in appellants proffer, there is much to be said for Justice Eakin's view that appellant's claim of counsel ineffectiveness respecting *Batson* should be rejected now rather than later, so that his new penalty hearing may proceed apace. Indeed, upon remand for supplemental opinion, the PCRA court need say little more than what I have noted, given that the claim turns upon an attempt to secure, via the guise of ineffectiveness, the retroactive benefit of a non-retroactive decision.

The Majority vacates, rather than merely remanding for a supplemental opinion. The Majority also fails to make clear that the claim upon which it vacates sounds in ineffective assistance of counsel, and not in *Batson qua Batson*. I therefore dissent from the Court's mandate.

Justice EAKIN concurring and dissenting.

I join the result reached by the majority with respect to all issues but one; unlike the majority, I do not believe it is necessary to remand to the PCRA court to address the issue of racial discrimination in jury selection. Instead, I would

hold appellant has failed to demonstrate he is entitled to relief on this claim, raised in the context of layered ineffectiveness.

In his statement of questions presented, appellant includes boilerplate language that all prior counsel were ineffective for failing to raise and preserve all of his claims of trial court error, including the jury selection claim. Appellant's Brief, at 3. Thus, he has met his burden of pleading appellate counsel's ineffectiveness for failing to raise the issue of trial counsel's ineffectiveness at *voir dire*. *See Commonwealth v. Rush*, 576 Pa. 3, 838 A.2d 651, 656 (2003) (to preserve layered ineffectiveness claim, petitioner must *plead* appellate counsel was ineffective for failing to raise all prior counsel's ineffectiveness); *Commonwealth v. McGill*, 574 Pa. 574, 832 A.2d 1014, 1021–23 (2003). However, appellant must also present argument as to appellate counsel's deficient representation, developing each of the three prongs of *Pierce*.[1] "Then, and only then, has the petitioner preserved a layered claim of ineffectiveness for the court to review; then, and only then, can the court proceed to determine whether the petitioner has proved his layered claim." *McGill*, at 1022 (citation omitted).

To satisfy the first prong of *Pierce* with respect to appellate counsel, appellant must demonstrate his underlying claim has arguable merit. *See McGill*, at 1022–23. This requires him to establish each *Pierce* prong regarding trial counsel's ineffectiveness. *See Rush*, at 656. Not only does appellant fail to argue any of the *Pierce* prongs concerning appellate counsel's stewardship, but he also fails to develop all three prongs regarding trial counsel. This is fatal to his claim, since "in order to succeed on an unpreserved claim of racial discrimination in jury selection, a post-conviction petitioner may not rely on a prima facie case under *Batson [v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)], but must prove actual, purposeful discrimination by a preponderance of the evidence, ... in addition to all other requirements essential to overcome the waiver of the underlying claim." *Commonwealth v. Uderra*, 862 A.2d 74, 87 (Pa.2004) (citation omitted).

1. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

Like the appellant in *Uderra,* appellant has not had the opportunity to establish "actual, purposeful discrimination," because the PCRA court did not conduct a hearing on the discrete issue of racial discrimination. However, as in *Uderra,* appellant's proffer, even if believed, is insufficient to prove discrimination. Appellant points to the percentages of African–American venire persons who were stricken by the prosecution,[2] and avers there were no race-neutral reasons for striking them; he mentions the "McMahon tape," a 1987 videotape in which a Philadelphia assistant district attorney revealed a policy of racial discrimination in jury selection by members of that office, *see Commonwealth v. Wharton,* 571 Pa. 85, 811 A.2d 978 (2002); he alleges the existence of statistics showing the prosecutor's disproportionate use of peremptory challenges against African–American jurors in other cases; and he cites a series of cases "roughly contemporaneous" to this one, *see* Appellant's Brief, at 80, "in which city prosecutors had been found to have discriminatorily struck black jurors." *Id.* None of these factors, however, standing alone or combined, is enough to establish a purposeful pattern of actual discrimination in the jury selection in *this* case. Furthermore, appellant makes no proffer of what he would hope to prove at a hearing on this issue; merely citing the number of African–Americans stricken and alleging it was done with discriminatory intent does not meet the standard enunciated in *Uderra.* Thus, I would hold that, having failed to establish the merit of his claim, appellant is not entitled to relief and no remand to the PCRA court is necessary.

Justice NEWMAN joins this concurring and dissenting opinion.

---

**2.** Due to the absence of *voir dire* transcripts and trial counsel's files, appellant is unable to identify with certainty the races of the jurors; however, he attempts to reconstruct their races based upon the neighborhoods in which they lived. *See* Appellant's Brief, at 77–78 n. 52.