J. S23039/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JAMES JONES, | : | No. 1523 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered August 16, 2011,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-1024861-1980

BEFORE: NICHOLS, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED JULY 17, 2020**

James Jones appeals ***nunc pro tunc*** from the August 16, 2011 judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his conviction of two counts each of first-degree murder and arson endangering persons, and one count of arson endangering property.[1] A sentence of life without parole was imposed after the PCRA[2] court vacated appellant's death sentence. We affirm.

The relevant history of this case, as gleaned from the PCRA court's Rule 1925(a) opinion and the trial court record, is as follows. On June 30, 1980, appellant bound and gagged two women, tied them to a chair, soaked

---

[1] 18 Pa.C.S.A. §§ 2502, 3301(a), and 3301(c), respectively.

[2] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

them in gasoline, and set them on fire, resulting in their deaths. On June 5, 1981, a jury convicted appellant of first-degree murder, arson endangering persons, and arson endangering property. Following a penalty hearing, appellant was sentenced to death. Appellant filed post-verdict motions, which were denied on April 29, 1988. Our supreme court affirmed the death sentence. *See Commonwealth v. Jones*, 651 A.2d 1101 (Pa. 1994), *certiorari denied*, 516 U.S. 835 (1995).

Appellant filed a *pro se* Post Conviction Relief Act ("PCRA") petition on October 6, 1995. Counsel was appointed. On June 12, 2001, the PCRA court denied appellant's ineffective assistance of counsel claims, but vacated the death sentence and granted a new penalty phase hearing. Our supreme court affirmed in part, vacated in part, and remanded for consideration of the claim of racial discrimination in jury selection. *See Commonwealth v. Jones*, 876 A.2d 380 (Pa. 2005). On August 11, 2006, after remand, the PCRA court dismissed appellant's petition without a hearing. Our supreme court affirmed. *See Commonwealth v. Jones*, 951 A.2d 294 (2008), *certiorari denied*, 558 U.S. 829 (2009).

Appellant filed a second PCRA petition on October 14, 2009.[3] This second PCRA petition was dismissed by the PCRA court as premature because appellant had yet to be re-sentenced. On August 16, 2011, the PCRA court

---

[3] We note that on October 28, 2011, a third PCRA petition was filed by appellant. It was dismissed by the PCRA court on September 27, 2012, due to the pending appeal in this court.

vacated the death sentence and imposed a sentence of life imprisonment. Appellant appealed to this court on September 9, 2011, and after permitting counsel to withdraw, we remanded the matter for the appointment of new counsel on October 20, 2011. *See Commonwealth v. Jones*, No. 2435 EDA 2011, *per curiam* order (Pa.Super. filed October 20, 2011).

Thereafter, on July 10, 2013, this court remanded the matter, vacating the PCRA court's orders of September 27 and October 10, 2012, which dismissed appellant's 2009 PCRA petition. *See Commonwealth v. Jones*, No. 2435 EDA 2011, *per curiam* order (Pa.Super. filed July 10, 2013). Amended PCRA petitions were filed by new PCRA counsel. The PCRA court entered a notice of intent to dismiss, pursuant to Pa.R.Crim.P. 907, on March 1, 2019. A timely response was filed. On May 1, 2019, the PCRA court entered an order reinstating the defendant's appellate rights *nunc pro tunc* and dismissing all other PCRA claims raised. Appellant timely filed a direct appeal *nunc pro tunc*. On May 28, 2019, the PCRA court ordered appellant to file a Rule 1925(b) concise statement of errors complained of on appeal and appellant timely complied. The PCRA court then filed its Rule 1925(a) opinion.

The sole issue appellant raises on appeal is as follows:

> Did the trial court err in not giving the jury a mere presence instruction when the Commonwealth's evidence involved flight from the scene of the incident, that is, the burning building and there was no eyewitness testimony as to what [appellant] actually did?

Appellant's brief at 2.

Appellant's allegation of trial error may not be considered in this appeal. On direct appeal *nunc pro tunc* from his August 2011 sentencing, he may only challenge the sentence of life without parole.

Further, a review of appellant's brief reveals that he is actually asserting a claim of ineffective assistance of counsel for trial counsel's failure to request a mere presence charge. Appellant argues that "[t]here was no reason for the trial court not to give this instruction. To the extent that trial defense counsel did not preserve this issue by requesting the charge he was ineffective." (Appellant's brief at 8.) However, any claims of ineffective assistance of counsel cannot be raised on direct appeal and must await collateral review. *Commonwealth v. Liston*, 977 A.2d 1089, 1094 (Pa. 2009). As this is a direct appeal, pursuant to the PCRA court's reinstatement of appellant's appellate rights *nunc pro tunc*, any ineffectiveness claim is premature.

Judgment of sentence affirmed. Commonwealth's petition for an extension of time *nunc pro tunc* to file a brief is denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/20