J-S42029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
JON JOSEPH TAYLOR   :
  :
Appellant   :   No. 343 WDA 2022

Appeal from the PCRA Order Entered March 11, 2022
In the Court of Common Pleas of Forest County Criminal Division at
No(s): CP-27-CR-0000099-2018

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:         **FILED: JANUARY 11, 2023**

Appellant, Jon Joseph Taylor, appeals from the order entered on March 11, 2022, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

> The charges ar[o]se from Appellant's [non-fatal] deadly shooting of Brandon Hoffmeister (the victim). [] On the weekend of August 3, 2018, approximately 14 people gathered at a "camp," owned by Appellant's wife and her sister, for a bachelor party for Appellant's nephew. The victim, a childhood friend of Appellant's nephew, was a guest.
>
> The victim brought his .45 caliber Ruger gun to the bachelor party, in anticipation of target shooting, and briefly had it out. However, when the victim was informed there would be no target shooting, he returned the gun to its case, placed it in the trunk of another guest's car, and did not take it out again. At trial, the victim acknowledged that on that Friday evening, he was "pretty drunk." We note that he and another guest, Casey O'Toole, had several

---

[*] Retired Senior Judge assigned to the Superior Court.

arguments and a physical altercation, and other guests interceded to pull them apart.

The next afternoon, Saturday, August 4, 2018, Appellant, the victim, and others drank beer and alcohol. For dinner, a group, including Appellant and the victim, went to a bar, where they consumed more alcohol and stayed until 2:00 a.m. Upon return to the camp, the group continued to consume alcohol.

Appellant testified to the following: at some point in the early morning hours, he observed the victim urinating in the indoor shower. Appellant became enraged and ordered the victim to leave the camp cabin. However, he told the victim to stay on the porch because no one could take him home. Other partygoers were on the porch, and when Appellant told them what happened, the victim denied it. The victim "started jawing at" him, and Appellant "jawed at him back." The victim then charged Appellant, but the other men stopped him. Appellant believed he then "went to bed."

Later, Appellant went outside "to go to the bathroom." The victim was on the porch and again "start[ed] yakking at" and cursing at Appellant, and Appellant responded in kind. The victim again charged Appellant, but none of the other attendees stopped the victim. Although Appellant ducked, the victim "pound[ed him] on the back of the head two or three times," at which point the victim then fell off the porch, but continued threatening Appellant. Appellant stated, "I can't do this all night. I am going to go get my .38 so I can go to bed." The victim responded, "[Y]ou better, mother fucker, because I have my .45." Appellant knew the victim brought his gun to camp, believed he currently had it on his person, and felt "really scared." Appellant thus intended to retrieve his own gun from his truck and "go to bed;" he testified, "I just thought that threat of me having it would be enough to calm things down." Appellant explained he could not drive away because he had consumed alcohol; he also stated he did not know why he did not call the police for help.

Appellant then walked to his truck, retrieved his gun, and closed the door. The "next thing [Appellant] knew," the victim was attacking him and "swinging at" him. Appellant commanded him, "[D]on't touch me[,] Get away from me," but the victim did not stop. Appellant fired his gun once, shooting the victim.

The bullet travelled through the victim's neck, exiting through his upper back. However, the victim remained conscious and survived. When Pennsylvania State Troopers arrived at the scene, Appellant was cooperative and admitted he shot the victim.

Appellant was charged with attempted homicide, two counts of aggravated assault, simple assault, and recklessly endangering another person (REAP). The Commonwealth filed a *motion in limine*, seeking, in pertinent part, to exclude evidence the victim ingested cocaine during the bachelor party, on the ground it was prejudicial. Appellant objected. Following a hearing on April 4, 2019, the court granted the Commonwealth's request, precluding any testimony concerning the victim's alleged cocaine use. The court did, however, allow Appellant to testify to the victim's intoxication, as well as his behavior, temperament and the observable effects of said intoxication.

The case proceeded to a jury trial on April 10, 2019. The victim testified he did not recall some events of the bachelor party weekend, but generally did not dispute Appellant's account of events. Appellant proceeded on a theory of self-defense; he testified as summarized above and presented another guest, Chad McDowell, who described the victim's altercation with O'Toole on Friday night.

The jury found Appellant guilty of one count of aggravated assault, simple assault, and REAP. On May 31, 2019, the trial court imposed a sentence of 60 to 120 months' imprisonment on the aggravated assault conviction.

*Commonwealth v. Taylor*, 2020 WL 977440, at *1–2 (Pa. Super. 2020) (unpublished memorandum) (record citations and footnotes omitted). We affirmed Appellant's judgment of sentence in an unpublished memorandum filed on February 28, 2020. Our Supreme Court denied further review by *per curiam* order entered on November 3, 2020. *Commonwealth v. Taylor*, 241 A.3d 332 (Pa. 2020).

On March 8, 2021, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed PCRA counsel who filed an amended PCRA petition on

July 30, 2021. On February 28, 2022, the PCRA court held an evidentiary hearing wherein Appellant and Thomas Scheetz (another guest at the bachelor party) testified. By order and opinion entered on March 11, 2022, the PCRA court denied relief. This timely appeal resulted.[1]

On appeal, Appellant presents the following issues for our review:

1. Did the PCRA court abuse its discretion in finding that trial counsel did not render ineffective assistance of counsel because trial counsel failed to call witness[] Thomas Sheetz at trial or have him or others present testimony as to [] Appellant's peacefulness in the community?

2. Did the PCRA court abuse its discretion in finding that trial counsel did not render ineffective assistance of counsel by failing to have the sheriff detain and transport Casey O'Toole to testify at trial after he was subpoenaed for trial and did not appear, or to move for a continuance of trial if he was unable to be found?

Appellant's Brief at 4.

Although set forth as two separate issues, Appellant addresses both claims in a single argument section of his appellate brief. Appellant claims that trial counsel was ineffective for failing to call Thomas Scheetz as a witness at trial. *Id.* at 11-13. Appellant contends that Scheetz "witnessed some [earlier] attacks by [the victim] upon Appellant and heard the incident in question" and that, although Scheetz did not visually observe the incident, he heard that "Appellant warned [the victim] away repeatedly before the shot

_____

[1] Appellant filed a notice of appeal on March 23, 2022. On April 20, 2022, Appellant filed a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) at the PCRA court's direction. The PCRA court issued a second opinion pursuant to Pa.R.A.P. 1925(a) on May 3, 2022.

rang out." *Id.* at 11. Appellant maintains that "Scheetz's testimony would have established that [] Appellant [had] a reasonable fear of strong physical violence against him by [the victim] due to his previous assaults upon [] Appellant that weekend, along with evidence that [] Appellant did not provoke the attack." *Id.* at 12. Moreover, Appellant avers that "Scheetz was further available to testify as a character witness as to Appellant's reputation for peacefulness in the community" pursuant to Pa.R.E. 404 and 405. *Id.* Regarding Casey O'Toole, Appellant claims that "O'Toole was repeatedly physically attacked by [the victim] that weekend and that O'Toole told [] Appellant about this fact before the incident giving rise to the charges." *Id.* at 13. Appellant claims O'Toole's testimony would have bolstered his self-defense claim by showing that Appellant harbored a reasonable fear of the victim. *Id.* Finally, when O'Toole failed to appear as a witness for trial, Appellant claims that trial counsel was ineffective in failing to request a continuance and in failing to ask the sheriff to retrieve O'Toole to secure his appearance at trial. *Id.*

We employ the following standards:

We must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party.

The PCRA court's credibility determinations, when supported by the record, are binding; however, this [C]ourt applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this

Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

*Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

Moreover,

[c]ounsel is presumed to be effective, and the petitioner bears the burden of proving that counsel's assistance was ineffective by a preponderance of the evidence.

To prevail on a claim of ineffective assistance of counsel, the petitioner must plead and prove the following three elements: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) petitioner suffered prejudice as a result of counsel's action or inaction. To establish prejudice, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Because a petitioner's failure to satisfy any of the above-mentioned elements is dispositive of the entire claim, a court need not analyze the elements in any particular order. Failure to satisfy one element is dipositive.

*Commonwealth v. Hairston*, 249 A.3d 1046, 1061–1062 (Pa. 2021) (internal citations omitted).

We have further explained:

A claim has arguable merit where the factual averments, if accurate, could establish [grounds] for relief. *See Commonwealth v. Jones*, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim ..., he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013).

- 6 -

Here, the PCRA court determined that Appellant was not prejudiced by trial counsel's failure to call the proffered trial witnesses, Scheetz and O'Toole, because their proposed testimony was merely cumulative of other testimony, including Appellant's own statements at trial. **See** PCRA Court Opinion, 5/3/2022, at 1-2 ("At trial, [Appellant] testified to his knowledge of an altercation between the victim and Casey O'Toole though [Appellant] did not witness the altercation. A witness, Chad McDowell, also testified about the prior altercation at trial."); **see also id.** at 6 ("The testimony that [Appellant] alleges was wrongfully excluded did not include new information not previously addressed by other witnesses at trial, and therefore [Appellant] was not prejudiced by the failure to call Scheetz to testify."). Appellant does not contest this assessment. We agree with the PCRA court's decision that trial counsel was not ineffective for failing to call Scheetz or O'Toole at trial. **See Commonwealth v. Tharp**, 101 A.3d 736, 758 (Pa. 2014) ("[T]estimony was not necessary to avoid prejudice to [Tharp] because [the proposed witness'] proffered testimony was cumulative of evidence already presented by the defense."). Therefore, we also agree with the PCRA court's determination that "trial counsel was not ineffective for failing to request a continuance, mistrial, or warrant due to O'Toole's failure to appear after a subpoena because this decision was not prejudicial[.]" PCRA Court Opinion, 5/3/2022, at 5.

Moreover, the PCRA court determined there was no merit to Appellant's claim that trial counsel was ineffective for failing to call Scheetz as a character

witness because he "lacked the necessary knowledge of [Appellant's] peacefulness in the community." PCRA Court Opinion, 5/3/2022, at 6. Pennsylvania Rule of Evidence 405 provides, in pertinent part:

> (a) By Reputation. When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation. **Testimony about the witness's opinion as to the character or character trait of the person is not admissible.**

Pa.R.E. 405 (emphasis added). Upon our review, Scheetz testified at the PCRA evidentiary hearing that his assessment of Appellant's trait for peacefulness was based upon his personal experience and his own opinion rather than Appellant's general reputation in the community. *See* N.T., 2/28/2022, at 19 (wherein Scheetz admits that his assessment is based upon his personal opinion about Appellant instead of community interactions or perceptions of others regarding Appellant's purported reputation for peacefulness). Pursuant to Pa.R.E. 405, personal opinion testimony is inadmissible and the proffered evidence was not reputation testimony. Accordingly, there is no merit to Appellant's claim that trial counsel was ineffective for failing to illicit character evidence from Scheetz. For all the foregoing reasons, Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/11/2023