J-S02016-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
COURTNEY LAMAR SLADE :
:
Appellant : No. 695 MDA 2022

Appeal from the PCRA Order Entered April 12, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002936-2018

BEFORE: PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY OLSON, J.: **FILED: MARCH 17, 2023**

Appellant, Courtney Lamar Slade, appeals from the order entered on

April 12, 2022, which denied his petition filed under the Post Conviction Relief

Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We previously summarized the underlying facts of this case:

> Appellant and a cohort forcibly entered a home in a
> residential neighborhood at night. Inside the home were two
> adult men, one adult female, and two six-year-old children.
> Appellant and his companion were wearing gloves and
> masks, and both were carrying guns. They held a gun to the
> head of the adult female, and also pointed their guns at the
> two children. Additionally, a scuffle ensued with one of the
> adult male victims, and he was badly beaten by Appellant
> and/or his companion. Appellant and his cohort left the home
> with approximately $900 and gaming equipment. Appellant,
> who had been cut during the altercation with the victim, was
> subsequently identified by DNA evidence obtained from blood
> found inside the home.

***Commonwealth v. Slade***, 240 A.3d 935 (Pa. Super. 2020) (non-precedential decision) at 1-2.

On October 21, 2019, Appellant entered an open guilty plea to robbery, aggravated assault, and burglary;[1] on December 18, 2019, the trial court sentenced Appellant to serve an aggregate term of 15 and one-half to 40 years in prison for his convictions. N.T. Guilty Plea, 10/21/19, at 1-7; N.T. Sentencing, 12/19/21, at 18-19. We affirmed Appellant's judgment of sentence on September 16, 2020. ***Commonwealth v. Slade***, 240 A.3d 935 (Pa. Super. 2020) (non-precedential decision) at 1-6.

On April 5, 2021, Appellant filed a timely, *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant during the proceedings and counsel eventually filed an amended petition on Appellant's behalf. Within the amended petition, Appellant claimed that his trial counsel was ineffective "for failing to seek [a mental health] evaluation to see if [Appellant were] competent to stand trial in this matter" and for "advising [Appellant] to take an open plea deal instead of taking a plea deal with a negotiated sentence that was offered by the Commonwealth." Amended PCRA Petition, 10/7/21, at 7 and 14.

The PCRA court held a hearing on Appellant's petition on March 18, 2022 and, during the hearing, both Appellant's trial counsel (hereinafter "Trial Counsel") and Appellant testified. Trial Counsel testified that, when he

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 2702(a)(4), and 3502(a)(1), respectively.

represented Appellant, he was aware that Appellant had been "diagnosed with being bipolar and having schizophrenia." PCRA Hearing, 3/18/22, at 4. However, Trial Counsel testified that he did not discuss an insanity defense with Appellant because "throughout all of my interactions with [Appellant, his mental health] didn't seem like it was an issue that was going to lead us anywhere or be something that I felt was going to be productive in terms that it wasn't a concern that I had that he was not competent to stand trial." *Id.* at 5. Further, Trial Counsel testified that, when he represented Appellant: Appellant's mental health did not impede Appellant's ability to participate in his own defense; Appellant's mental health did not impede Trial Counsel's ability to help prepare Appellant's defense; and, nothing "st[ood] out to [Trial Counsel] in terms of [Appellant] having comprehension issues or anything like that." *Id.* at 5 and 8-9.

Regarding Appellant's decision to reject the Commonwealth's offer of a negotiated sentence, Trial Counsel testified:

> So, if I recall correctly, negotiations had gone on for quite a while between myself and the District Attorney's Office. Ultimately, I think where things ended up was, there was an offer for [eight] and a half to 20. I talked with [Appellant] about that, and I explained to him that if he plead[ed] open there was certainly a chance that he would get a lesser sentence, but there was also a chance that he would get more than that. If I remember, I think the guidelines started at [six] and a half years. So he, I think, was hoping that if he plead[ed] open, he would get something closer to that bottom range. I don't recall quite frankly whether I advised him one way or the other as far as what I think the best option is or what he should do. I explained to him what the options were, and I let him decide.

*Id.* at 6-7.

Appellant testified that Trial Counsel advised him to reject the Commonwealth's offer and to simply enter an open guilty plea. According to Appellant, Trial Counsel told him that the trial court "wouldn't go over the [eight] and a half that was offered" by the Commonwealth and would probably sentence Appellant to a standard guideline range sentence of six and a half years in prison. *Id.* at 14.

The PCRA court denied Appellant's petition on April 12, 2022 and Appellant filed a timely notice of appeal. Appellant raises two claims on appeal:

> Whether the [PCRA] court erred in denying Appellant's PCRA petition where he presented a preponderance of the evidence that trial counsel rendered ineffective assistance of counsel.
>
>     1. Ineffective assistance of counsel in failing to seek a mental health evaluation.
>
>     2. Ineffective assistance of counsel in advising Appellant to reject the negotiated plea agreement.

Appellant's Brief at 4 (some capitalization omitted).

"We review a ruling by the PCRA court to determine whether it is supported by the record and is free of legal error. Our standard of review of a PCRA court's legal conclusions is *de novo*." ***Commonwealth v. Cousar***, 154 A.3d 287, 296 (Pa. 2017) (citations omitted). However, we afford "great deference" to the PCRA court's credibility determinations. ***Commonwealth***

*v. Flor*, 259 A.3d 891, 910-911 (Pa. 2021). As our Supreme Court has explained:

> We will not disturb the findings of the PCRA court if they are supported by the record, even where the record could support a contrary holding. [An appellate court's] scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party.

*Id.* (quotation marks and citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). As this Court has explained:

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. ***See Commonwealth v. Jones***, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . . , he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (some quotations and citations omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.*

First, Appellant claims that Trial Counsel was ineffective because counsel failed to seek a mental health evaluation, which, Appellant claims, would have enabled counsel to "consider an insanity defense." Appellant's Brief at 14. This claim fails.

In order to prevail on an insanity defense, [an a]ppellant must prove by a preponderance of the evidence that, at the time he committed the offense, due to a defect of reason or disease of mind, he either did not know the nature and quality of the act or did not know that the act was wrong.

*Commonwealth v. Smith*, 17 A.3d 873, 901 (Pa. 2011); *see also Commonwealth v. Hughes*, 865 A.2d 761, 788 (Pa. 2004) ("[a] defense of insanity acknowledges commission of the act by the defendant, while maintaining the absence of legal culpability").

During the PCRA hearing, Appellant did not produce any evidence (medical or otherwise) that, at the time he committed the offenses, his alleged mental illnesses caused him to "not know the nature and quality of the act[s]" or caused him to "not know that the act[s were] wrong." *See Smith*, 17 A.3d at 901; *see also* N.T. PCRA Hearing, 3/18/22, at 1-18. Therefore, Appellant did not satisfy his burden of production to show that his underlying claim is of arguable merit. Appellant's claim thus fails.

Next, Appellant claims that his trial counsel was ineffective "in advising Appellant to reject the [Commonwealth's] negotiated plea" offer. Appellant's Brief at 14. As the PCRA court thoroughly explained, Appellant's claim on appeal fails:

[Appellant's] underlying claim is that [Trial Counsel] advised him against accepting a plea agreement containing a negotiated sentence in favor of entering an open plea which would be "capped" at an eight and one-half year minimum. [Trial Counsel] testified to the following:

So, if I recall correctly, negotiations had gone on for quite a while between myself and the District Attorney's Office. Ultimately, I think where things ended up was, there was

- 7 -

an offer for [eight] and a half to 20. I talked with [Appellant] about that, and I explained to him that if he plead[ed] open there was certainly a chance that he would get a lesser sentence, but there was also a chance that he would get more than that. If I remember, I think the guidelines started at [six] and a half years. So he, I think, was hoping that if he plead[ed] open, he would get something closer to that bottom range. I don't recall quite frankly whether I advised him one way or the other as far as what I think the best option is or what he should do. I explained to him what the options were, and I let him decide.

[N.T. PCRA Hearing, 3/18/22, at 6-7.]

[Trial Counsel] further testified that he did not recall ever informing [Appellant] that the open plea would be "capped" in any way. [The trial court] ultimately imposed a sentence of [15 and one-half to 40 years in prison]. Understandably, [Appellant] regrets his decision to refuse the negotiated plea agreement. However, [the PCRA court] credit[s Trial Counsel's] testimony and discern[s] nothing in his counsel that fails to adhere to "the range of competence demanded of attorneys in criminal cases."

[Appellant] claims he went to court on the day of his guilty plea prepared "to take the 8 and a half." [N.T. PCRA Hearing, 3/18/22, at 14. The PCRA court does] not find it credible that [Trial Counsel], an experienced criminal defense attorney who has represented thousands of defendants, would have talked a client, who was intending to plead guilty, out of doing so by fabricating a plea agreement. [The PCRA court] believe[s] it much more likely that matters transpired exactly how [Trial Counsel] explained. [Appellant] wanted a sentence better than the offered eight and one-half [] years. This inference is supported by [Appellant's] own testimony, where he explained his understanding that the original offer was for either seven [] or seven and one-half [] years. According to him, the District Attorney later modified that offer upward to eight and one-half [years]. Under such circumstances, it seems entirely credible that, as [Trial Counsel] testified, [Appellant] "was hoping that if he plead[ed] open, he would get something closer to" the bottom of the standard range of the Sentencing Guidelines.

> Finding that [Trial Counsel] did not promise [Appellant] the sentence would be "capped", and that [Appellant] expressed hope of obtaining a lesser sentence than what was being offered, [the PCRA court] find[s Trial Counsel's] advice completely reasonable and legally correct. [Appellant] was not promised a lesser sentence. He was offered the opportunity for a lesser sentence through an open plea. He chose to pursue that opportunity and cannot now claim ineffective assistance because it proved unsuccessful. Therefore, [Appellant's] underlying claim lacks arguable merit and his claim for ineffective assistance of counsel in this regard must fail.

PCRA Court Opinion, 4/12/22, at 4-6 (some citations omitted).

The PCRA court's credibility determinations and factual findings are supported by the record and, thus, are binding on this Court. As such, Appellant's claim on appeal necessarily fails.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/17/2023