J-A07043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL DAVID LAKE | : | |
| | : | |
| Appellant | : | No. 1024 MDA 2024 |

Appeal from the PCRA Order Entered June 21, 2024
In the Court of Common Pleas of Franklin County
Criminal Division at No: CP-28-CR-0001660-2019

BEFORE: BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY STABILE, J.: **FILED: OCTOBER 1, 2025**

Appellant, Michael David Lake, appeals from the June 21, 2024, order[1]

of the Court of Common Pleas of Franklin County dismissing his petition for

---

[1] On June 21, 2024, the PCRA court entered an order "dismissing" the underlying PCRA petition. However, in the body of the order, the PCRA court stated the PCRA court "intends to dismiss the PCRA petition." On July 11, 2024, Appellant filed the instant appeal.

On October 22, 2024, we issued a rule to show cause why the appeal should not be quashed as interlocutory. On October 23, 2024, the PCRA court entered an order stating that the underlying PCRA petition was dismissed effective June 21, 2024.

It appears, therefore, that the "intends to dismiss the PCRA petition" phrase included in the June 21, 2024, dismissal order was in fact a typo, not affecting the true nature of the June 21, 2024, order (*i.e.*, appealable order).

Regardless, the instant appeal would be nonetheless proper before us pursuant to Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").
*(Footnote Continued Next Page)*

collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The relevant factual and procedural background of the instant appeal are not at issue here. Briefly, Appellant was convicted of intimidation of a victim or witness, terroristic threats, simple assault, and recklessly endangering another person following a jury trial on July 16, 2020. On November 4, 2020, Appellant was sentenced to serve an aggregate term of 72 to 180 months' incarceration.

Appellant timely appealed to this Court. We affirmed the judgment of sentence on August 15, 2022. *See Commonwealth v. Lake*, 281 A.3d 341 (Pa. Super. 2022), *appeal denied*, *Commonwealth v. Lake*, 291 A.3d 333 (Pa. 2023).

On May 10, 2023, Appellant filed a *pro se* PCRA petition. After appointing counsel, Appellant filed an amended PCRA petition on July 6, 2023. In his amended petition, Appellant raised several claims, which all concern ineffective assistance of counsel for either failure to bring up or object to certain issues related in his case.[2] Following an evidentiary hearing, the PCRA court dismissed Appellant's amended petition on June 21, 2024.

On appeal, Appellant abandoned all but one of his ineffective assistance of counsel claims. Before us Appellant argues that trial counsel was ineffective

---

Finally, it is worth noting that neither the parties nor the PCRA court question the appealability of the underlying order.

[2] *See* PCRA Court Opinion, 6/21/24, at 2-3.

for failing to pursue issues related to Appellant's mental health at the time of his trial. **See** Appellant's Brief at 2, 5. Specifically, Appellant argues that his mental health issues at the relevant time affected his ability to appreciate the charges against him and his ability to assist in his defense. **Id.** at 9. No relief is due.

> Our standard of review
>
> of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a de novo standard of review to the PCRA court's legal conclusions[.]

**Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015) (citations omitted).

"[C]ounsel is presumed effective, and [the appellant] bears the burden of proving otherwise." **Commonwealth v. Fears**, 86 A.3d 795, 804 (Pa. 2014) (citation omitted). To prevail on an ineffectiveness claim, an appellant must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) appellant suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent

such error. **Commonwealth v. Lesko**, 15 A.3d 345, 373 (Pa. 2011) (citation omitted).

The PCRA court concluded that Appellant's claim fails the arguable merit prong of the test for counsel ineffectiveness. Upon review, we find that the PCRA court's conclusions in this regard are supported by the record and agree that Appellant's claim fails because he has not proven the arguable merit prong of his claim of ineffectiveness.

A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. **See Commonwealth v. Jones**, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . ., he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.

The PCRA court found that Appellant's factual averments supporting the underlying petition were not credible, resulting in Appellant's inability to meet the arguable merit prong. Specifically, the PCRA court noted:

> [Appellant], in his [amended PCRA petition] claims that his trial counsel was ineffective because he failed to pursue issues related to [Appellant]'s mental health. The presumption is that counsel had been effective, and it is the burden of the petitioner to plead and prove, by the preponderance of the evidence, their claim of ineffective assistance of counsel. During the evidentiary hearing, [Appellant] proffered no corroborating evidence to his claims that he suffered from the many mental health issues listed in his [amended PCRA petition]. [Appellant] has never had a competency evaluation done to determine his ability to understand and appreciate the charges against him and his ability to assist in his defense. The lack of any of these affirmative steps

only adds to the [PCRA court]'s determination that [Appellant] lacks all credibility in regards to his testimony and his claims in this present petition. [Appellant] has failed to bring a claim for ineffective assistance of counsel because the claims regarding failure to pursue related to [Appellant]'s mental health lack arguable merit and shall be dismissed.

PCRA Court Opinion, 6/21/24, at 5-6.

Upon review of the record, and considering the applicable law, we agree with the PCRA Court's analysis and conclusions. *See Commonwealth v. Steele*, 961 A.2d 786, 823 (Pa. 2008), *abrogated on other grounds sub nom*, *Pena–Rodriguez v. Colorado*, 580 U.S. 206 (2017) (affirming the PCRA court's finding that the underlying PCRA petition did not meet the arguable merit prong of the ineffective assistance of counsel standard on credibility grounds); *Commonwealth v. Johnson*, 966 A.2d 523, 539 (Pa. 2009) ("A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts."); *see also Commonwealth v. Abu-Jamal*, 720 A.2d 79, 99 (Pa. 1998) ("[W]here the record supports the PCRA court's credibility determinations, those determinations are binding on this [C]ourt")." "Indeed, one of the primary reasons PCRA hearings are held in the first place is so that credibility determinations can be made[.]" *Johnson*, 966 A.2d at 539.

We also note that Appellant failed to prove that, at the relevant time, there was discoverable evidence that he was mentally impaired before his trial and that counsel failed to discover this evidence. *Commonwealth v. Brown*, 872 A.2d 1139, 1149 (Pa. 2005) (where there was no discoverable evidence

- 5 -

of mental illness, the appellant [failed] to prove the arguable merit of trial counsel's ineffectiveness).  "If he cannot prove that he actually had mental impairments that counsel failed to discover, he has not carried his burden to prove that his claim of trial counsel ineffectiveness has arguable merit." **Steele**, *supra*.

In light of the foregoing, we affirm the June 21, 2024, order of the Court of Common Pleas of Franklin County.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/1/2025