J-S03015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TREV BOWIES JACKSON | : | |
| | : | |
| Appellant | : | No. 410 MDA 2023 |

Appeal from the PCRA Order Entered February 14, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005767-2016

BEFORE:  OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY OLSON, J.:               **FILED: APRIL 4, 2024**

Appellant, Trev Bowies Jackson, appeals from the order entered on February 14, 2023, which denied his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court ably summarized the underlying facts of this case:

> On November 22, 2015, Officer Lynn Anderson stopped [Appellant] for improperly signaling while driving.  Officer Anderson requested [Appellant's] license, registration, and proof of insurance.  [Appellant] complied, but his license fell underneath the car.  To safely retrieve the license, Officer Anderson asked [Appellant] to step out of the vehicle and place his arms behind his back.  In response, [Appellant] fired a single gunshot so close to Officer Anderson's face, he sustained a facial powder burn.  Officer Anderson took cover behind [Appellant's] car.  [Appellant] fired two more shots in Officer Anderson's direction, reentered his car, and fled. Officer Anderson fired seven shots toward [Appellant] as he sped off.  He ultimately apprehended [Appellant] and arrested him.

It is important to note that [Officer Anderson's Mobile Video Recorder ("MVR")] footage captured [Appellant] shooting past Officer Anderson's face and this footage was circulated on the internet as a "viral video" prior to trial.

PCRA Court Opinion, 5/4/23, at 2 (citations and some quotation marks omitted).

Following a jury trial, Appellant was found guilty of attempted murder, assault upon a law enforcement officer, and recklessly endangering another person.[1]  On April 25, 2017, the trial court sentenced Appellant to serve an aggregate term of 30 to 60 years in prison for his convictions.  We affirmed Appellant's judgment of sentence on September 4, 2019 and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on April 1, 2020.  ***Commonwealth v. Jackson***, 221 A.3d 1225 (Pa. Super. 2019) (non-precedential decision), *appeal denied*, 228 A.3d 487 (Pa. 2020).

On February 25, 2021, Appellant filed a timely, *pro se* PCRA petition and the PCRA court later appointed counsel to represent Appellant during the proceedings.  Counsel filed an amended petition on Appellant's behalf and raised a number of claims, including:

Whether trial counsel was ineffective for[] failing to file a Rule 404(b) motion to determine [the] admissibility of [Appellant's] past specific criminal convictions, introducing on direct examination [Appellant's] specific past criminal convictions, failing to object to [the] Commonwealth's [cross-examination] on a specific past criminal conviction, and failure to request that the court provide the [appropriate]

---

[1] 18 Pa.C.S.A. § 901(a), 2702.1(a), and 2705, respectively.

> limiting closing instruction regarding consideration of evidence of specific past criminal convictions?

Amended PCRA Petition, 10/12/22, at 8.

On February 14, 2023, the PCRA court held a hearing on Appellant's petition and heard the testimony of Appellant's trial counsel ("Trial Counsel"). *See* N.T. PCRA Hearing, 2/14/23, at 1-58. During Trial Counsel's testimony, the Commonwealth played the video footage from Officer Anderson's MVR, depicting the traffic stop of Appellant's vehicle. *Id.* at 26. As the PCRA court observed, this video clearly showed Appellant get out of his car, shoot a gun past Officer Anderson's face, get back into his car, and speed away. *See* PCRA Court Opinion, 5/4/23, at 2.

Trial Counsel testified that "there wasn't a way to keep [the video] out of evidence" and, as a result, the defense trial strategy could not have been one of mistaken identity. *Id.* at 39-40. Instead, Trial Counsel testified that his strategy had to center around Appellant's intent – or, rather, his lack of intent to harm or murder Officer Anderson. *Id.* Specifically, Trial Counsel testified, he wanted to show that Appellant deliberately shot his gun past Officer Anderson's face so that he could scare Officer Anderson and then escape. To do so, Trial Counsel testified, he needed the jury to know that: Appellant was on parole at the time of the traffic stop; when Officer Anderson pulled Appellant over, Appellant smelled like marijuana and, thus, would have been in violation of his parole conditions; Appellant had a prior conviction for escaping from custody, which was "relevant to show a past history of fleeing law enforcement;" Appellant had an extensive and long-running criminal

- 3 -

history, but "there was no history of violence;" and, Appellant had a history of substance abuse. *Id.* at 41-43.

Following the hearing, the PCRA court denied Appellant post-conviction collateral relief. *See id.* at 57. As the PCRA court held, Appellant failed to prove two of the three prongs for his ineffective assistance of counsel claims. It explained:

> [Trial Counsel] indicated a very clear strategy in this case. He was starting with a very damning video for his client. His only real strategy was to attempt to argue that the motive was to flee rather than to inflict any harm on the officer.
>
> Given that strategy, the steps that he took relating to all of the above actions were part of a reasonable basis and a reasonable strategy, especially given the fact that [Appellant] was going to need to testify.
>
> [Trial Counsel] raised those situations ahead of time. He tried to argue and make his client sympathetic based on his background. He wanted the jury to conclude that there was no prior history of violence and that the motive was to flee rather than to inflict harm.
>
> All of his steps in that context had a reasonable basis, especially in light of the video which was going to come in, and we cannot find that there was any action that would have been inappropriate.
>
> Furthermore, turning to the third prong, whether [Appellant] suffered a prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different, we cannot find that that was the case.
>
> In looking at the evidence as a whole, the strategy was, in fact, creative and perhaps the best approach given the video that was going to come in. The court cannot conceive of any

other or a better strategy than the one taken by [Trial Counsel].

*Id.* at 56-57.

Appellant filed a timely notice of appeal and raises one consolidated claim to this Court:

> Whether trial counsel was ineffective (separately or cumulatively) for[] failing to file a Rule 404(b) motion to determine [the] admissibility of [Appellant's] past specific criminal convictions, introducing on direct examination [Appellant's] eight specific past criminal episodes/convictions, failing to object to [the] Commonwealth's [cross-examination] on a specific past criminal conviction, and failing to request that the court provide the appropriate limiting instruction regarding consideration of evidence of specific past criminal convictions?

Appellant's Brief at 4.

"We review a ruling by the PCRA court to determine whether it is supported by the record and is free of legal error. Our standard of review of a PCRA court's legal conclusions is *de novo*." ***Commonwealth v. Cousar***, 154 A.3d 287, 296 (Pa. 2017) (citations omitted). However, we afford "great deference" to the PCRA court's credibility determinations. ***Commonwealth v. Flor***, 259 A.3d 891, 910-911 (Pa. 2021). As our Supreme Court has explained:

> We will not disturb the findings of the PCRA court if they are supported by the record, even where the record could support a contrary holding. [An appellate court's] scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party.

*Id.* (quotation marks and citations omitted).

- 5 -

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). As this Court has explained:

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. *See Commonwealth v. Jones*, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . . , he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.

> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (some quotations and citations omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.*

On appeal, Appellant claims that Trial Counsel was ineffective: 1) "for failing to file a pre-trial motion under [Pennsylvania Rule of Evidence] 404(b) to prevent admission of specific past criminal convictions;" 2) "introducing evidence of [Appellant's] specific past criminal convictions on his direct testimony"; 3) "failing to object to the Commonwealth's cross examination of specific past criminal convictions;" and, 4) "[failing] to request that the trial court provide a closing limiting instruction for the jury[, instructing them on how they were to consider Appellant's] specific past criminal convictions." Appellant's Brief at 15-16.

Appellant's first three claims all contend that Trial Counsel was ineffective when he either introduced or allowed the Commonwealth to present evidence of Appellant's specific past criminal convictions, including

Appellant's: conviction for escape; delinquency adjudication for robbery; delinquency adjudication for possessing firearms and possessing crack cocaine; and, convictions for possessing firearms and possessing crack cocaine. *Id.* at 19-28. According to Appellant, "regardless of the difficulty of the case, there [was] no logical reason to introduce to the jury [Appellant's] lengthy past criminal history. This evidence does not humanize [Appellant] or place the focus on some legitimate intent, and would simply lead the jury to conclude that he is a serial criminal." *Id.* at 22.

Appellant's claim fails. As the PCRA court concluded:

In the instant case, Trial Counsel was faced with a difficult starting position. The MVR footage of [Appellant] shooting a gun so close to Officer Anderson's face was substantially damning and would make for a difficult defense, no matter the attorney. As part of Trial Counsel's strategy, [Appellant] took the stand to testify; while on the stand, [Trial Counsel] brought out several past convictions that [Appellant] had incurred, including convictions for possession of marijuana, crack cocaine, and firearms as well as convictions for smoking marijuana while in placement. On cross-examination of [Appellant], the Commonwealth questioned [Appellant] about a past conviction regarding fleeing from law enforcement. [Trial] Counsel did not object to this introduction, as it was consistent with their trial strategy.

While normally, these prior convictions would be prejudicial, [Trial Counsel] had intended to use these prior convictions to give the jury a bit of the background and history of [Appellant]. Trial Counsel intended to use the past convictions to help the jury to understand [Appellant's] background as it related to involvement with law enforcement. A large part of the trial strategy was to demonstrate [Appellant's] intent or absence of intent when it came to the crimes he was charged with in the instant case, namely that [Appellant] intended to flee from the Officer and not physically harm him. . . .

- 8 -

In reviewing Trial Counsel's trial strategy, along with the difficult position counsel was in regarding the video evidence, it appears to [the PCRA court] that Trial Counsel had a reasonable basis for his actions at trial. It is not clear that [Appellant] suffered prejudice due to counsel failing to object to prior bad acts evidence as there is no reasonable probability that the result of the proceeding would have been different, again, given the damning video evidence in this case.

. . .

[Further, regarding the admission of Appellant's escape conviction, Trial Counsel and Appellant's] theory of the case was to show [Appellant] intended to evade police in the instant case and not physically harm the officer, evidence that [Appellant] had previously fled from law enforcement would bolster that theory. Again, it is not clear that [Appellant] suffered prejudice due to counsel's failure to object as there is no reasonable probability that the result of the proceeding would have been different given the video evidence in this case.

PCRA Court Opinion, 5/4/23, at 5-6 and 11.

The PCRA court's factual findings are supported by the record and are, thus, binding on this Court. *Flor*, 259 A.3d at 910-911. As such, Appellant's first three claims on appeal necessarily fail.

Appellant's final claim on appeal contends that Trial Counsel was ineffective for "[failing] to request that the trial court provide a closing limiting instruction for the jury[, instructing them on how they were to consider Appellant's] specific past criminal convictions." Appellant's Brief at 16. According to Appellant, without the limiting instruction, the jury "likely focused on [Appellant's] serial criminal past in determining guilt for the present charges." *Id.* at 28. Again, Appellant's claim fails.

Pennsylvania Rule of Evidence 404(b) declares, in relevant part:

> (1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

> (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b).

In accordance with Rule 404(b), Appellant was entitled to receive a cautionary instruction at trial, telling the jury that evidence of Appellant's prior crimes cannot be used "to prove [Appellant's] character in order to show that on a particular occasion [Appellant] acted in accordance with the character." *See* Pa.R.E. 404(b)(1). However, during the PCRA hearing, Trial Counsel specifically testified that he "want[ed] the jury to think [Appellant] committed escape before so he did it again" and, thus, Trial Counsel testified that he intentionally chose not to request the limiting instruction as part of his trial strategy. N.T. PCRA Hearing, 2/14/23, at 43-44. The PCRA credited this testimony and held, as a fact, that:

> [regarding the admission of Appellant's escape conviction, Trial Counsel and Appellant's] theory of the case was to show [Appellant] intended to evade police in the instant case and not physically harm the officer, evidence that [Appellant] had previously fled from law enforcement would bolster that theory. Again, it is not clear that [Appellant] suffered prejudice due to counsel's failure to object as there is no

- 10 -

> reasonable probability that the result of the proceeding would have been, different given the video evidence in this case.

PCRA Court Opinion, 5/4/23, at 11.

The above factual findings are supported by the record. Thus, they are binding on this Court and Appellant's final claim on appeal fails. *Flor*, 259 A.3d at 910-911.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/04/2024